GARY M. RESTAINO
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**Aug 08 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Tabitha Stowe, <br><br> Defendant. | CR-24-00242-JCH-MSA <br><br> PLEA AGREEMENT |

The United States of America and the defendant, Tabitha Stowe, agree to the following disposition of this matter:

## PLEA

a. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, charging the defendant with a violation of Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, and Title 18, United States Code, Sections 933(a)(2) and (b), Felony Receipt of a Firearm, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment.

## ELEMENTS OF THE CRIME

The essential elements of Smuggling Goods from the United States are that:

(A) The defendant knowingly attempted to export from the United States any merchandise, article, or object;

(B) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States; and

(C) The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

The essential elements of Felony Receipt of a Firearm are that:

(A) The defendant knowingly received a firearm from another person;

(B) The receipt of the firearm was in or otherwise affecting interstate commerce; and

(C) The defendant knew or had reasonable cause to believe that receipt would constitute a felony.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

b. The defendant understands and agrees that the maximum penalty for Count 1 of the Indictment is a fine of up to $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years of supervised release. The defendant also understands and agrees that the maximum penalty for Count 2 of the Indictment is a fine of $250,000, a maximum term of fifteen (15) years imprisonment, or both, and a maximum term of three (3) years supervised release. For both counts, a maximum term of probation is five years, including a minimum term of one year if probation is imposed.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

### Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### Agreement Regarding Sentencing:

c.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following terms regarding sentencing:

  (1) Any prison sentence shall not exceed the low end of the final advisory Sentencing Guideline Range;

  (2) The defendant agrees not to seek any other adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea. However, the defendant may argue for an adjustment under U.S.S.G. § 3B1.2 – Mitigating Role. While the government may oppose the adjustment, the government will not withdraw from the plea

agreement if the defendant chooses to argue for a mitigating role adjustment.

(3) Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guideline Range.

(4) The defendant can object to any of the PSR guideline calculations the defendant believes were calculated in error. Doing so will not violate the terms of this plea agreement.

(5) **The sentences in Counts 1 and 2 shall run concurrently.**

(6) **Any sentence of imprisonment shall run concurrently with any sentence of imprisonment in CR-23-01840-RCC-MAA.**

d. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States

will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Agreement as to Property:

a. Defendant acknowledges the foregoing assets have been administratively forfeited by U.S. Department of Homeland Security/U.S. Customs and Border Protection:

- One (1) Polymer 5.56 Caliber Magazine;
- Fifteen (15) Rounds of 5.56 Ammunition;
- One (1) 5.56 Caliber Springfield Armory Saint Rifle (S/N: ST089919).

b. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture of the assets in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

c. Defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture and destruction of the above-listed assets.

d. Defendant knowingly and voluntarily agrees and understands the administrative forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

e. Defendant further agrees and understands that the government will dispose of the assets as authorized by law, which may include destruction of the seized items. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

f. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

## Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## Waiver of Defenses and Appeal Rights:

If the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court's determination of the criminal history category. The sentence

is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing guidelines range as calculated under U.S.S.G. § 1B1.1(a). The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

///

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On September 11, 2023, in the District of Arizona, I, Tabitha Stowe, attempted to exit the United States and enter the Republic of Mexico through the Douglas Port of Entry in Douglas, Arizona, while driving a 2003 gold Buick Le Sabre Limited, of which I was the driver and sole occupant. United States Customs and Border Protection Officers (CBPOs) referred me to secondary inspection. During a search of my vehicle, CBPOs located one (1) Polymer 5.56 Caliber Magazine, fifteen (15) rounds of 5.56 Caliber Ammunition, and one (1) 5.56 Caliber Springfield Armory Saint Rifle (S/N: ST089919).

Prior to my attempted exit from the United States, I knowingly received the firearm from another person. I further admit that the firearm traveled in interstate commerce before I took possession of it. Finally, I knew that my receipt of the firearm would constitute a felony.

Specifically, when I took possession of the firearm, I knew I was going to attempt to smuggle it into Mexico.

Finally, I admit that the government can prove the firearm that I smuggled and intended to export to Mexico are designated on the United States Commerce Control List and are, therefore, prohibited by law for export from the United States into Mexico without a valid license. Neither I nor any other individual involved in the attempted export of the firearm had a license or any other lawful authority to export that item from the United States into Mexico.

Date 8/8/24

TABITHA STOWE
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date 8/8/24

JEFFREY G. BUCHELLA, Esq.
Attorney for the defendant

- 11 -

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

8/8/2024
Date

*Carson Reaves Gillert*
NATHANIEL J. WALTERS (for)
Assistant United States Attorney